IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NAMEROS FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:22CV587 |
| NORTH CAROLINA DIVISION OF ) | |
| EMPLOYMENT SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Complaint filed against the North Carolina Division of Employment Security by Plaintiff Nameros Ford alleging that he was "wrongfully denied for unemployment during the pandemic." (Compl. [Doc. #2] at 4.) In conjunction with the Complaint, Plaintiff also submitted an Application for Leave to Proceed *In Forma Pauperis* [Doc #1]. For the reasons set out below, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing *in forma*

*pauperis* d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotations omitted).

As to the second grounds for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in

2

a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] In addition, the Court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under the Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted. In his Complaint, Plaintiff states that the basis for his cause of action is "Negligence," and he claims that he was "wrongfully denied for unemployment during pandemic." (Compl. [Doc. #2] at 4.) This Court does not have jurisdiction over appeals of state unemployment determinations. As the Supreme Court has explained, district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing *pro se* complaint).

3

judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923). The Supreme Court has clarified that the Rooker-Feldman doctrine applies in cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). "In other words, the doctrine simply precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020) (citing Thana v. Bd. of License Comm'rs for Charles Cty., Md., 827 F.3d 314, 319-20 (4th Cir. 2016)); see also Rodriguez v. Doe, 549 Fed.Appx. 141, 144 (4th Cir. 2013) (explaining that the Rooker-Feldman doctrine bars lower federal courts from reviewing a state appellate court decision affirming the denial of a plaintiff's unemployment benefits); Mitchell v. N.C. Div. of Emp't Sec., 76 F. Supp. 3d 620, 625 (E.D.N.C. 2014) (holding that, "[t]o the extent that [the plaintiff] asks this court to review the merits of the decision denying his request for unemployment benefits compensation and to award him unemployment benefits, the court lacks subject-matter jurisdiction over such a request"). Thus, to the extent Plaintiff seeks to appeal the state decision denying his request for unemployment benefits, that appeal would not be within this Court's jurisdiction.

To the extent that Plaintiff may be attempting to raise a claim pursuant to 42 U.S.C. § 1983, that statute allows a person who has been deprived of a federal right under color of state law to seek relief. "To state a claim under § 1983, a plaintiff must allege the violation of

4

a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the North Carolina Employment Security Commission is not a "person" amenable to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute); see also Hafer v. Melo, 502 U.S. 21, 25-31 (1991); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 482-83 (4th Cir. 2005). Thus, Plaintiff cannot state a claim under § 1983.

Plaintiff also cites to the CARES Act. (Compl. [Doc. #2] at 3.) The Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 15 U.S.C. § 9001 *et seq*, provided enhanced unemployment insurance benefits for workers who would not otherwise be eligible for relief, but Plaintiff has not pointed to any basis for an individual claim or remedy under that Act. The CARES Act specifically provides that appeals are to be carried out by the State that made the determination in the same manner as regular unemployment determinations are made under State law. 15 U.S.C. § 9021(c)(5)(B). Plaintiff has not stated any basis for a private right of action against the state Employment Security Commission for denial of unemployment benefits.[2]

In addition, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13

---

[2] The Court notes that Plaintiff also cites The Heroes Act and the "Essential Workers Act," which appears to be a reference to the Essential Worker Pandemic Compensation Act of 2021. (Compl. [Doc #2 at 3; Doc #2-2 at 17].) However, these were bills that were never enacted into law. See The Heroes Act, H.R. 6800, 116th Cong. (2020); Essential Worker Pandemic Compensation Act of 2021, H.R. 900, 117th Cong. (2021). Neither of these proposed pieces of legislation could serve as the basis for a claim for relief.

5

(1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).

For all of these reasons, Plaintiff has failed to state a claim on which relief could be granted, and this case should be dismissed.

Plaintiff's request to proceed *in forma pauperis* shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief may be granted.

This, the 20th day of September, 2022.

       /s/ Joi Elizabeth Peake
United States Magistrate Judge